# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| RUSSELL BAILEY, | ) | |
| | ) | |
| Plaintiff, | ) | No. 14 C 1840 |
| | ) | |
| v. | ) | Judge Ronald A. Guzmán |
| | ) | |
| CITY OF CHICAGO, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff sues the City of Chicago pursuant to 42 U.S.C. § 1983 for its alleged policy of refusing to allow sex offenders to register as required by state law. The City has filed a motion to stay this case pursuant to *Younger v. Harris*, 401 U.S. 37 (1971). For the reasons set forth below, the Court grants the motion.

## Facts

Plaintiff is a convicted sex offender. (Am. Compl. ¶ 2.) In August 2013, he was released from prison and attempted to register at Chicago Police Department headquarters as required by the Illinois Sex Offenders Registration Act ("SORA"). (*Id.* ¶ 4.) From August 14, 2013 through March 12, 2014, plaintiff "attempted to register . . . countless times with the Chicago police department," but "[was] turned away each time." (*Id.* ¶ 7.) His inability to register made him non-complaint with SORA, and thus vulnerable to arrest and incarceration for failing to register. (*Id.* ¶ 10); *see* 730 Ill. Comp. Stat. 150/3, 10. Plaintiff filed this suit on March 14, 2014, seeking damages and an injunction ordering the City to permit him to register.

In early June 2014, plaintiff was arrested when Chicago police discovered, during a routine

traffic stop, that he was an unregistered sex offender. (*See* Pl.'s Mem. Opp'n Mot. Dismiss at 3.) Plaintiff is currently in custody awaiting trial on the failure to register charge. (*Id.*)

**Discussion**

The City asks the Court to stay this suit pursuant to *Younger* pending resolution of the state criminal case against plaintiff. "*Younger* abstention is appropriate only when there is an action in state court against the federal plaintiff and the state is seeking to enforce the contested law in that proceeding." *Forty One News, Inc. v. Cnty. of Lake*, 491 F.3d 662, 665 (7th Cir. 2007). The doctrine "ensures that individuals or entities who have violated state laws cannot seek refuge from enforcement of those laws behind the equitable powers of the federal courts." *Id.* When, as here, the state suit is filed after the federal suit, a stay is appropriate if: (1) the state proceedings are "judicial in nature, . . . implicate important state interests, . . . [and] offer an adequate opportunity for review of constitutional claims"; (2) "there have been no proceedings of substance on the merits in the federal court"; and (3) there are "no extraordinary circumstances – like bias or harassment – [that] auger against abstention." *FreeEats.com, Inc. v. Indiana*, 502 F.3d 590, 596 (7th Cir. 2007) (quotation and citation omitted); *see Hicks v. Miranda*, 422 U.S. 332, 349 (1975) ("[W]here state criminal proceedings are begun against the federal plaintiffs after the federal complaint is filed but before any proceedings of substance on the merits have taken place in the federal court, the principles of *Younger v. Harris* should apply in full force.").

There is no question that the first two elements are satisfied. *See Kugler v. Helfant*, 421 U.S. 117, 124 (1975) ("The policy of equitable restraint expressed in *Younger v. Harris* . . . is founded on the premise that ordinarily a pending state prosecution provides the accused a fair and sufficient

2

opportunity for vindication of federal constitutional rights."). However, plaintiff contends that his post-filing arrest for failing to register, the very scenario he filed this suit to avoid, is an extraordinary circumstance that militates against a stay.

"Extraordinary circumstances," the Supreme Court has said, are those that "create a . . . threat of such great, immediate, and irreparable injury as to warrant intervention in state criminal proceedings." *Kugler*, 421 U.S. at 124-25 (footnote omitted). Moreover, the Court said "such circumstances must be 'extraordinary' in the sense of creating an extraordinarily pressing need for immediate federal equitable relief, not merely in the sense of presenting a highly unusual factual situation." *Id.* at 125. Thus, a stay should be denied only if: (1) the state suit was filed to harass plaintiff or is "[being] conducted in bad faith," or (2) there is "no state remedy available to meaningfully, timely, and adequately [address] the alleged constitutional violation," and plaintiff "will suffer great and immediate harm if the federal court does not intervene." *FreeEats.com*, 502 F.3d at 596-97 (quotations and citations omitted).

Plaintiff, who must show that extraordinary circumstances exist, *id.* at 596, does not offer facts that suggest the state suit was filed to harass or retaliate against him. Moreover, as noted above, he may raise the alleged constitutional violation as a defense to the criminal charges. Thus, he has an adequate state remedy and will not suffer immediate harm if the stay is granted. In short, this suit meets all of the requirements for *Younger* abstention and falls into none of the exceptions to it. Therefore, the Court grants the City's motion to stay.

## **Conclusion**

For the reasons set forth above, the Court grants the City's motion to stay [30]. This case is stayed until the state criminal proceedings against plaintiff conclude. The parties are ordered to file a motion for a status hearing with the Court no later than fourteen days after the state suit is resolved.

**SO ORDERED.**                                                 **ENTERED: August 6, 2014**

                                                                          _____
                                                                          **HON. RONALD A. GUZMAN**
                                                                          **United States District Judge**